## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | | |
|---|---|---|
| JERRY CHUAN LEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV425-151 |
| | ) | |
| BING LI, *et. al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER, REPORT AND RECOMMENDATION</u>

Plaintiff, appearing *pro se*, filed his Complaint on June 25, 2025. Doc. 1. He alleges that "[f]or over thirteen years, Defendants have pursued frivolous and unsupported fraud claims against" him and that, "[a]s a direct result of this prolonged litigation, [his] businesses have suffered over $50 million in financial losses," and other damages. *Id.* at 1. Defendants filed a Motion to Transfer Venue and Motion to Dismiss. Doc. 14. Plaintiff responded, doc. 17, and filed various other motions. *See* docs. 13, 15, 16, 18, 23, 24, 35, 43, 44, and 50. Defendants have also filed Motions for Sanctions. *See* docs. 40, 42.

The Defendants are attorneys who represented Plaintiff's former business partners in a Duval County, Florida state court case against

Plaintiff. *See* doc. 14 at 1-2. Defendants' clients obtained a jury verdict against Plaintiff in that Florida case and were awarded over $1.7 million dollars. *Id.* at 2. Now, Plaintiff is suing the Defendant-attorneys in this Court making broad claims about the Defendants' and their clients' actions during the lawsuit in Florida. *See generally* doc. 1.

Defendants seek transfer to the Middle District of Florida, where the alleged conduct at issue occurred, arguing that venue in this District is improper since none of the Defendants live here, and because none of the conduct giving rise to Plaintiff's claims occurred here. Doc. 14 at 3, 6. In response to the Defendants' Motion to Transfer Venue, Plaintiff claims that certain contracts "anchor this dispute in Georgia." Doc. 17 at 4. He asserts that Defendants' clients, the plaintiffs in the Florida lawsuit, alleged that Plaintiff had engaged in fraud involving contracts which were "executed governing commercial dealings tied to Georgia," and a Georgia real estate purchase agreement. *Id.* at 3. According to Plaintiff, Defendants unlawfully "initiated/leveraged Florida litigation notwithstanding Georgia contracts and law; thereafter pursued enforcement in Georgia." *Id.* at 4.

Defendants, as the party seeking transfer, have the burden of establishing that transfer is warranted. *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989). A "'plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations,' and a transfer that would only shift inconvenience from the defendant to the plaintiff does not outweigh the plaintiff's choice for Section 1404(a) purposes." *S.E.C. v. Lauer*, 478 F. App'x 550, 554 (11th Cir. 2012) (quoting *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996)). The district court has broad discretion when deciding whether to transfer a case. *England v. ITT Thompson Indus., Inc.*, 856 F.2d 1518, 1520 (11th Cir. 1988).

Under Section 1404(a), "a district court may transfer any civil action to any other district or division where it might have been brought" if transfer is based upon the convenience of the parties, the convenience of the witnesses, or the interest of justice. 28 U.S.C. § 1404(a). Section 1404 thus requires courts to answer two questions: (1) could the action have been brought in the proposed transferee court? and (2) do the § 1404 factors — the convenience of the parties, the convenience of witnesses,

and the interests of justice — warrant transfer?  *Mason v. Smithkline Beecham Clinical Labs.*, 146 F. Supp. 2d 1355, 1359 (S.D. Fla. 2001).

### A.   Whether the Action Could Have Been Brought in the Middle District of Florida

An action may be brought in a judicial district "in which a substantial part of the events or omissions giving rise to the claim occurred."  28 U.S.C. § 1391(b)(2).  Plaintiff's claims for relief include: (1) violation of Rule 11 of the Federal Rules of Civil Procedure;[1] (2) Abuse of Process; (3) Cooperation with Foreign Entities to Harm U.S. Citizen Rights; (4) Civil Conspiracy; (5) Fraud and Misrepresentation; and (6) Intentional Infliction of Emotional Distress.  Doc. 1 at 2-3.  However, Plaintiff's factual allegations are difficult to parse, and therefore whether the events giving rise to his claim occurred in this District is difficult to ascertain from the face of his Complaint.   Most of Plaintiff's supplementary filings dispute events giving rise to the Florida lawsuit. *See, e.g.,* doc. 43 at 2-3 (providing background and factual context including claims that Plaintiff did not receive money owed by Florida claimants); *see also* doc. 53 at 2-3 (disputing factual representations made

---

[1] Plaintiff later states that he does not assert Rule 11 as a separate cause of action. *See* doc. 17 at 6.

in prior Florida litigation).  But he avers that there is some connection to Georgia.  *See, e.g.*, doc. 17.

Defendants argue this case could have been brought in the Middle District of Florida.  Doc. 14 at 5.  They claim that "virtually all of the events underlying Plaintiff's claims—alleged abuse of process and other misconduct—occurred  during  Florida  legal  proceedings  in  Duval, Florida, which is located in the Middle District of Florida."  *Id.*  Plaintiff responds that "filing and maintaining suit in Florida—contrary to Georgia-centered instruments—was not ordinary advocacy; it was forum shopping to obtain leverage unavailable under Georgia law."  Doc. 17 at 4.  It is unclear whether Plaintiff asserts Defendants' liability for the "forum shopping" in this suit, or if Plaintiff is merely asserting that Defendants' argument for transfer is disingenuous.  He claims the contracts at issue in the Florida case were executed/closed in Georgia; Plaintiff's company operated in Georgia and suffered damages here; and that the post-judgment enforcement and collection actions were directed into Georgia.[2]  *Id.*  In other words, instead of countering Defendants'

---

[2]  Plaintiff also argues Defendants' conduct satisfies Georgia's long arm statute because they "purposefully directed enforcement efforts, liens, domestication filings, and coercive communications into Georgia."  Doc. 17 at 5.

position that this lawsuit could have been brought in the Middle District of Florida, Plaintiff merely disputes that court's ability to have heard the other lawsuit in the first place.

The Court finds this case could have been brought in the Middle District of Florida, given Plaintiff's claims stem from alleged unlawfulness occurring during a lawsuit taking place there—not from the contracts giving rise to that suit.  Indeed, the locus of operative facts weighs heavily in favor of transfer because the allegations stem from Defendants initiating and prosecuting, on behalf of their clients, a lawsuit against Plaintiff in a judicial venue that sits within the Middle District of Florida.

## B.   The § 1404 Factors

Next, the Court must assess the § 1404 factors — (1) the convenience of the parties; (2) the convenience of witnesses; and (3) the interests of justice, to determine if transfer is warranted.  *Mason*, 146 F. Supp. 2d at 1359.  Though there is a "strong presumption against disturbing plaintiff's initial forum choice," when the majority of the events giving rise to the suit occurred elsewhere, and when, by result, it would be more convenient for the parties and witnesses to transfer the

suit to that location, the Plaintiff's choice is afforded less weight. *SME Racks, Inc. v. Sistemas Mecanicos Para Electronica*, S.A., 382 F.3d 1097, 1100 (11th Cir. 2004); *see also, e.g., Rigby v. Flue-Cured Tobacco Co-op. Stablization Corp.*, 2006 WL 1312412, at *3 (M.D. Ga. May 11, 2006).

### 1. *Convenience of the Parties*

As to the convenience of the parties, obviously Plaintiff finds it more convenient to keep the case in this District while Defendants disagree. Defendants note that, at the time the Florida lawsuit was commenced, Plaintiff lived in Florida, operated a "sham" business there, and that Plaintiff actually committed the fraud giving rise to the Florida lawsuit against the Florida claimants while residing in Florida through his "sham" Florida business. Doc. 14 at 6. Otherwise, according to Defendants, Plaintiff's "only apparent connection to the Southern District of Georgia" is that he now lives here. *Id.*

### 2. *Convenience of the Witnesses*

When evaluating the convenience of witnesses factor, courts consider the "relative abilities of the forum and the proposed transferee district to secure the live testimony of important witnesses at trial," the cost of willing witnesses to attend trial, and the cost of employee

witnesses to attend trial.  15 Charles Alan Wright, Arthur R. Miller, *et al.*, Fed. Prac. & Proc. § 3851 (4th ed. 2018).  A court's evaluation, however, should be "qualitative, not quantitative."  *Id.*  Thus, "one important or material witness may outweigh a great number of less important witnesses."  *Id.*  Because live testimony is preferred, "the convenience of the non-party witnesses weighs most heavily on the Court" in deciding a transfer motion.  *Ramsey v. Fox News Network, LLC*, 323 F.Supp.2d 1352, 1356 (N.D. Ga. 2004).

Defendants note that the potential witnesses in this case, except for Plaintiff himself, are likely to be from other than Georgia.  Indeed, the Defendant's Motion and attached affidavit identified by name "key non-party witnesses," the reasons why these witnesses were material, and the fact that they all reside within the Middle District of Florida.[3]  Doc. 14 at 8-9 (citing doc. 14-1 at 2-3).

Plaintiff again does not confront the Defendants' argument.  He instead refutes the substantive claims of the Florida lawsuit.  He has identified no Georgia non-party witnesses, and only alleged that

---

[3] "A court may consider affidavits when ruling on a motion for transfer under section 1404(a)."  *Soffin v. Echannel Network, Inc.*, 2014 WL 2938347, at *1 (S.D. Fla. June 30, 2014) (citing *Marbury–Pattillo Const. Co., Inc. v. Bayside Warehouse Co.*, 490 F.2d 155, 158 (5th Cir. 1974); *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 259 n. 26 (1981)).

"Nonparty Georgia witnesses (business, damages, enforcement)" exist— without naming or describing them. *See* doc. 17 at 4. He claims that "modern discovery eliminates most burdens of location, and that "many Florida witnesses are party-aligned and can be deposed remotely." *Id.* Plaintiff provides no suggestion for what should occur upon trial, wherein live testimony is preferred. His proposals for remote depositions simply do not show that this factor tips in favor of venue remaining in this Court. "The convenience of the witnesses is best served when witnesses are allowed to testify in the forum where they reside." *Hight v. United States Dep't of Homeland Sec.*, 391 F. Supp. 3d 1178, 1186 (S.D. Fla. 2019). It is substantially more inconvenient for the Florida witnesses to attend court or court related proceedings in this forum.

### 3. *Interest of Justice*

Finally, the "amorphous and subjective" interest of justice prong does not militate against transfer. *See In re Morgan Stanley*, 417 F. App'x 947, 949 (Fed. Cir. 2011); *see also Augusta Nat'l, Inc. v. Green Jacket Auctions, Inc.,* 2018 WL 797434 at *6 (S.D. Ga. Feb. 8, 2018) (factors which are helpful when determining whether transfer is "in the interest of justice" include: (1) where the litigant is more likely to receive a speedy

trial; (2) whether transfer will allow consolidation of litigation; (3) the relative familiarity with the relevant law; (4) the relationship of each community to the controversy; (5) comparative costs to each party of litigating in each forum; and (6) any obstacles to a fair trial).

Plaintiff has made no argument that he would receive a speedier trial in either locale, and consolidation is irrelevant. However, as to the familiarity with relevant law, Defendants note that Plaintiff pleaded state-law claims for fraud, misrepresentation, and intentional infliction of emotional distress—claims which will be decided on Florida law since the torts occurred there. *See* doc. 1 at 3. They rightly point out that, "[i]n general, federal courts favor adjudication of diversity actions by the court that sits in the state whose substantive laws will govern the case." Doc. 14 at 12 (citing Moore's Federal Practice, sec. 111.13[1][m] (3d Ed. 2020)). They convincingly argue that Florida also has a "far greater interest than Georgia in regulating and adjudicating disputes from local legal processes." *Id.* Plaintiff's only response to these arguments is to relitigate the merits of the Florida lawsuit.

There is no strong local interest in adjudicating this matter in the Southern District of Georgia, and the Court has not issued any

10

substantive rulings in this matter. Further, the parties do not cite any concerns regarding delay, administrative difficulties, or prejudice in either venue. Therefore, and for all the reasons above, transfer is proper.

This decision is, at bottom, a discretionary one. And while Plaintiff understandably wants his case to remain local, it is unclear that the hardship he will face matches, much less *outweighs*, the convenience of nonparty witnesses. In sum, the balance of considerations weighs in favor of transfer. Defendant's Motion, doc. 14, should be **GRANTED**. Given the imminent resolution of that Motion, Defendant's Motion to Stay pending decision on the motion to transfer, doc. 21, is **DENIED**, in part. All deadlines are, however, **STAYED** pending the District Judge's review of this Report and Recommendation ("R&R"). If Plaintiff files additional motions in the meantime, the deadline to file responses to those motions will accordingly be stayed. Should the District Judge decline to adopt this R&R, the stay shall be lifted.

This R&R is submitted to the district court judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document

11

should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED and REPORTED and RECOMMENDED,** this 5th day of March, 2026.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA